# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

CIVIL NO. 1:08CV65-T-02
(1:04CR40-T)

| | |
|---|---|
| STEVEN ARTHUR LACY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM AND**<br>**ORDER OF DISMISSAL** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed March 3, 2008, and amended March 24, 2008. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty , or is otherwise subject to collateral attack. **28 U.S.C. § 2255**. However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge

shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I.  PROCEDURAL HISTORY

An indictment was filed charging Petitioner with two counts each of obstructing commerce by robbery, in violation of 18 U.S.C. § 1951 (Counts One and Four), using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § § 924(c) (Counts Two and Five), and possessing a firearm after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Counts Three and Six).  **Bill of Indictment, filed April 5, 2004**.  The Government filed a Notice alleging that Petitioner had committed the instant offenses after previously having been convicted of two or more serious violent felonies.  **Notice Specifying Defendant As Subject To Mandatory Life Imprisonment, filed April 14, 2004.**  Such Notice, therefore, specified that if convicted, Petitioner would be subject to a mandatory term of life imprisonment under 18 U.S.C. § 3556(c).

Petitioner entered into a written plea agreement with the Government whereby he agreed to plead guilty to the obstruction and firearm offenses charged in Counts One and Two of the indictment, he stipulated to being a Career Offender under U.S. Sentencing Guidelines § 4B1.1(a) and to being subject to a sentencing range of 262 to 327 months imprisonment. **Plea Agreement, filed June 16, 2004**.  The agreement also contained a waiver by which he forfeited his right to contest his conviction or sentence in any proceeding, except on the grounds of ineffective assistance of counsel, prosecutorial conduct and/or the ground that the Court's calculations under the U.S. Sentencing Guidelines were inconsistent with the stipulations set forth in that agreement.

On June 21, 2004, Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty pleas.  The Magistrate Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty pleas were knowingly and voluntarily made and entered.  **Rule 11 Inquiry and Order of Acceptance of Plea, filed June 21, 2004**.   The Magistrate Judge specifically asked Petitioner if he had discussed his right to appeal and if he understood that by signing the plea agreement and entering the guilty pleas that he would be waiving

his right to directly appeal his convictions or sentences and greatly limiting his right to contest those matters in a post-conviction proceeding. *Id*. at 7-8. Petitioner stated, under oath, that he understood those waivers. *Id*. at 8. The Magistrate Judge also asked Petitioner if he understood and accepted those limitations and agreed with the terms of his plea agreement. *Id*. Again, under oath, Petitioner answered in the affirmative. *Id*. Based on these and the other answers given by Petitioner, the Magistrate Judge found that his guilty pleas were knowingly and voluntarily made and that he understood the charges, penalties, and consequences of the pleas. *Id*. at 9. Accordingly, the Magistrate Judge accepted Petitioner's pleas. *Id*.

On December 9, 2005, the undersigned conducted a Factual Basis and Sentencing hearing during which it was determined that Petitioner was, in fact, a Career Offender and was exposed to a sentencing range of 262 to 327 months imprisonment. After hearing from the parties, the Court sentenced Petitioner to 208 months on Count One and to a consecutive term of 84 months on Count Two, for a total of 288 months imprisonment. **Judgment in a Criminal Case, filed December 30, 2005**.

Petitioner timely appealed his case to the Fourth Circuit Court of Appeals. Although counsel sought review of the entire record pursuant to

*Anders v. California,* 386 U.S. 738 (1967), Petitioner filed his own supplemental brief arguing that his appeal waiver was invalid because it was entered prior to the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and that his total sentence exceeded the term authorized by his guilty plea. **United States v. Lacy, 207 F. App'x 296, 297 (4th Cir. 2006)**. However, the Court of Appeals flatly rejected both of Petitioner's claims, concluding that the record established that his appellate waiver was knowingly and intelligently made and was not rendered unenforceable by the Supreme Court decisions on which he sought to rely, and that his sentence was not imposed in violation of his guilty plea or his plea agreement. *Id.* Further, the Court of Appeals found that there were no meritorious claims for review; therefore, Petitioner's convictions and sentences were affirmed. *Id*. **at 298**.

Petitioner did not seek *certiorari* review in the United States Supreme Court. Instead, he submitted a so-called "place holder" motion to vacate to this Court, which motion was received and filed on March 3, 2008. However, in that "place holder" motion, Petitioner asserts that he delivered said motion to the authorized corrections official for mailing on February

28, 2008. Therefore, the Court will treat Petitioner's motion as having been filed as of February 28, 2008. **See Houston v. Lack, 487 U.S. 266 (1988) (announcing the so-called "mail box" rule for determining filing dates)**. Notwithstanding that determination, however, it appears from the record that Petitioner's motion to vacate is untimely filed.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides in pertinent part:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral re view; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255**.

## III. DISCUSSION

As was previously noted, Petitioner appealed his convictions and sentences to the Fourth Circuit, but his appeal was rejected by a decision entered November 28, 2006. The mandate for that decision was entered December 20, 2006. Further, Petitioner did not file a petition for a *writ of certiorari* in the U.S. Supreme Court. Therefore, the judgment in his criminal case became final 90-days after November 28, 2006, that is, on February 26, 2007. **See Clay v. United States, 537 U.S. 522 (2003) (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.").** Ultimately, the instant motion to vacate had to be filed no later than February 26, 2008.[1] However, Petitioner's motion was not filed until February 28, 2008.

---

[1] Typically, the appellate mandate for a criminal case is issued 21-days after the entry of the appellate decision, in which case the *certiorari* period can be calculated as running for 90 days from entry of the decision or for 69 days from entry of the mandate. In the instant case, however, the mandate was issued 22 days after entry of the appellate decision. Nevertheless, even if the Court were to calculate the *certiorari* period as running for 69 days from that December 20, 2006, date, Petitioner's judgment would have become final on February 27, 2007 – that is, one year and one day before the day on which he filed the instant motion to vacate.

Moreover, by his motion to vacate, Petitioner merely alleges that he was subjected to ineffective assistance of counsel in that counsel coerced him into pleading guilty and that he currently is litigating the constitutionality of certain of his prior convictions. Clearly, however, neither of these claims relieves Petitioner of the one year period within which his motion should have been filed. Consequently, Petitioner's motion is time-barred and must be dismissed. ***See United States v. Hardy*, 156 F. App'x 568 (4th Cir. 2005) (affirming dismissal of time-barred § 2255 motion).**

## IV. ORDER

**IT IS, THEREFORE ORDERED** that Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED** as untimely.

Signed: May 19, 2008

Lacy H. Thornburg
United States District Judge