# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:04-cr-00040-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEPHEN ARTHUR LACY, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Relief under First Step Act" [Doc. 57].

The Defendant moves for a reduction of his sentence pursuant to Section 231(g) of the Second Chance Act of 2007, 34 U.S.C. § 60541(g), as amended by Section 603 of the First Step Act of 2018. [Doc. 57]. The First Step Act modified 34 U.S.C. § 60541 to provide, in pertinent, part, as follows:

> (A) The Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from a Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced.
>
> (B) In carrying out a pilot program as described in subparagraph (A), the Attorney General may release

> some or all eligible elderly offenders and eligible terminally ill offenders from the Bureau of Prisons facilities to home detention upon written request from either the Bureau of Prisons or an eligible elderly offender or terminally ill offender.

34 U.S.C. § 60541(g)(1). The First Step Act further amended the term "eligible elderly offender" as used in 34 U.S.C. § 60541 to mean "an offender in the custody of the Bureau of Prisons - (i) who is not less than 60 years of age; (ii) who is serving a term of imprisonment that is not life imprisonment ... and has served the greater of 10 years or 2/3 of the term of imprisonment to which the offender was sentenced...." 34 U.S.C. § 60541(g)(5)(A).

The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 34 U.S.C. § 60541. As such, this Court lacks the authority to order the Defendant's release to home confinement. Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); United States v. Overcash, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); United States v. Curry, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the

discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original).

For these reasons, the Defendant's request for a sentence reduction under Section 603 of the First Step Act of 2018 is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Relief under First Step Act" [Doc. 57] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge