**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:04-cr-00040-MR-WCM**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **STEPHEN ARTHUR LACY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act" [Doc. 62].

## I.    BACKGROUND

In December 2005, the Defendant Stephen Arthur Lacy was convicted of Hobbs Act robbery and possession of a firearm in relation to a crime of violence.  He was sentenced to a total of 288 months' imprisonment.  [Doc. 32].   The Defendant is currently incarcerated at FCI Otisville, and his projected release date is July 20, 2024.[1]

_____

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 3, 2020).

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 62]. Specifically, the Defendant argues that his age and underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.]. Alternatively, the Defendant requests to serve the remainder of his sentence on home confinement. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of FCI Otisville, but that the warden failed to respond within thirty (30) days of his request. [Doc. 62 at 3-

2

4].   As the Defendant appears to have exhausted his administrative remedies, the Court will proceed to address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

3

any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." As is pertinent here, a defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). A defendant's age may also warrant compassionate release if (1) the defendant is at least 65 years old, (2) is

4

experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75% of his term of imprisonment, whichever is less.  Id., § 1B1.13 cmt. n.1(B).

Here, the Defendant asserts that his underlying health conditions— namely,  an unspecified heart condition, high blood pressure, history of carrying the tuberculosis bacteria, potential prostate cancer, and symptoms of Type II diabetes—place him at a higher risk for severe illness resulting from  COVID-19.  The medical conditions identified by the Defendant, however, do not constitute an extraordinary and compelling reason to reduce the Defendant's sentence.  While the Court does not intend to diminish the seriousness of the Defendant's medical conditions, the Defendant has failed to establish that these conditions are not well-controlled by his current medical treatment.  The Defendant also has not shown that any of these conditions are terminal or substantially diminish his ability to provide self-care while in prison.  Further, the Defendant is only 64 years old and thus is ineligible for a reduction based on his age.

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release.  As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-

19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[3] This is especially true where, as here, the Defendant is housed at a facility that currently has no confirmed cases among its inmate population.[4]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

The Defendant alternatively moves the Court to order his release to home confinement due to the ongoing COVID-19 pandemic. [Doc. 62]. This request, however, must also be denied. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the

---

[3] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

[4] See https://www.bop.gov/coronavirus (last visited Sept. 3, 2020) (noting 0 inmate cases, 1 case among staff, 0 deaths, and 42 inmates and staff recovered).

6

covered emergency period, if *the Attorney General* finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the *Director of the Bureau* may lengthen the maximum amount of time for which *the Director* is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, *as the Director determines appropriate.*") (emphasis added). As such, this Court lacks the authority to order the Defendant's release. <u>Deffenbaugh v. Sullivan</u>, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *1 (E.D.N.C. Apr. 23, 2019); <u>United States v. Overcash</u>, No. 3:15-CR-263-FDW-1, 2019 WL 1472104, at *3 (W.D.N.C. Apr. 3, 2019) (noting that there is "no provision for judicial review of the BOP's and Attorney General's decision with regards to a request for home detention under § 60541(g)"); <u>United States v. Curry</u>, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have the authority to grant the requested relief.") (emphasis in original). For these reasons, the Defendant's request for a release to home confinement is denied.

7

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act" [Doc. 62] is **DENIED**.

Signed: September 4, 2020

        **IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge